UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Brandon Deyton, | ) C/A No. 9:14-1996-BHH-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Laurens County Detention Center; Major Hudson; Captain Tyson, | ) |
| Defendants. | ) |

The Plaintiff, William Brandon Deyton, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff is a pretrial detainee at the Laurens County Detention Center ("LCDC"), and alleges that the Defendants violated his constitutional rights.

Specifically, Plaintiff claims that he has been subjected to cruel and unusual punishment at the LCDC based on unsanitary and inhumane conditions of confinement at LCDC. Specifically, he claims that there are multiple cases of scabies, lice, and tuberculosis; filthy rooms, toilets, and showers (with black fungus and sewage lines which are clogged); overcrowding with three inmates to a cell and some inmates sleeping on the floor by and under the toilet; a lack of bleach to sanitize the jail; and a dusty ventilation system.  He claims that detainees have become ill from these conditions and have a hard time getting proper medical treatment, and that the head nurse is not a registered nurse, which violates (an unnamed) policy.  Plaintiff asserts that the LCDC extorts money from detainees by making them ill from the conditions of confinement and then charging (ten



dollars for a visit with the nurse and five dollars for a prescription) for medical services. Complaint, ECF No. 1 at 3-4.  Plaintiff requests $500,000 for pain and indifference, abandonment, mental anguish, depression, and a lack of trust he now has in correctional officers.  He requests that the LCDC be thoroughly cleaned and Defendants be "reprimand[ed] or knocked down/demoted from ranks."  ECF No. 1 at 5.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, this case is subject to summary dismissal for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.

2



See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

Pursuant to the PLRA, 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Booth v. Churner, 532 U.S. 731, 741 (2001)[PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action]. Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, Jones v. Bock, 549 U.S. 199, 216 (2007), and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is nevertheless appropriate. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655–56 (4th Cir. 2006).

Here, it is apparent from the face of the Complaint that Plaintiff failed to exhaust his available administrative remedies prior to filing this action. Plaintiff acknowledges that there is a prisoner grievance procedure at the LCDC and alleges that he filed a grievance concerning the claims raised in this action in May 2014. However, Plaintiff further admits in his pleading that he had not



received a final institutional answer or determination concerning his grievance at the time he filed this lawsuit. ECF No. 1 at 2. Indeed, Plaintiff filed this action either simultaneously with or, at most, only shortly after filing his grievance, such that it is readily apparent from the face of the Complaint that Plaintiff did not allow time for a resolution of his grievance before filing his Complaint. See Graham v. Perez, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000)[Where prisoner files a grievance but fails to afford prison officials adequate time to respond before filing his Complaint, Prisoner has failed to exhaust available administrative remedies]. Further, even if Plaintiff has now, since the filing of this lawsuit, exhausted the grievance procedure at the jail, that would not allow him to continue with this lawsuit. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004) [Discussing necessity of pursuing all administrative remedies to the end]; Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) ["A court may not consider, and must dismiss, unexhausted claims"].[1]

---

[1]Plaintiff is advised that, in the event he decides to refile this action (assuming exhaustion of administrative remedies), the named Defendant LCDC is not a proper party Defendant for a §
(continued...)


Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 15, 2014
Charleston, South Carolina

---

[1](...continued)
1983 action. Courts have routinely held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law, and are not a "person" subject to suit under § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)[California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) [Finding that a building, detention center, or group of individuals employed by a state agency are not "persons" amenable to suit under § 1983]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."]; Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."]. Hence, the Defendant LCDC is not a "person" amenable to suit under § 1983.



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

6

